# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM EUGENE WEBB,**

    **Petitioner,**

v.                                                     Civil Action No. 5:08cv73
                                                           (Judge Stamp)

**JOE D. DRIVER, Warden,**
    **Respondent.**

## REPORT AND RECOMMENDATION

On March 17, 2008, the *pro se* petitioner, William Webb, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 in which he seeks an immediate discharge from his "unlawful" sentence which was imposed by the United States District Court for the Middle District of North Carolina. On July 16, 2008, he filed an amended petition seeking the same relief. By Order entered August 29, 2008, the Court directed the respondent to show cause why the writ should not be granted. On September 29, 2008, the respondent filed a Motion to Dismiss and Response to Order to Show Cause. On September 30, 2008, a Roseboro Notice was issued, and on November 3, 2008, the petitioner filed his Response/Reply.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et seq., is ripe for review.

## I. FACTUAL AND PROCEDURAL HISTORY

On December 20, 1999, the petitioner was indicted on multiple counts in the United States District Court for the Middle District of North Carolina. On December 1, 2000, following a jury trial, the petitioner was convicted on three counts: (1) possession of a firearm in commerce after a felony conviction in violation of 18 U.S.C § 922(g)(1) and 924(e)(1); (2) simple possession of

cocaine base in violation of 21 U.S.C. § 844(a); and (3) carrying firearms during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I). On April 13, 2001, the petitioner was sentenced to 365 months imprisonment and 5 years supervised release. The plaintiff appealed his conviction which was affirmed by the Fourth Circuit Court of Appeals on November 5, 2001. On January 13, 2006, the petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. That motion was denied with prejudice by the United States District Court for the Middle District of North Carolina on September 29, 2006, as being untimely. See 1:99-cr-00373-WLO-1.

On March 17, 2008, the petitioner filed his pending § 2241 petition. In his petition and amended petition, which was filed on July 16, 2008, the petitioner alleges "that he has been tried, convicted, sentenced and committed into Executive custody by order of the United States District Court acting pursuant to the grant of original jurisdiction purportedly created by Public Law 80-771, Title 18, United States Code, Section 3231. The petitioner further alleges that the

> text of the bill H.R. 3190 as amended, which became Public Law
> 80-772 (enacting Title 18, United States Code, and especially
> Section 3231), was passed only be the Senate and never passed by
> the House of Representatives. Moreover, the bill was never certified
> as enrolled, and was surreptitiously signed by the Speaker of the
> House and President pro tempore of the Senate under purported
> authority of a concurrent resolution agreed to be a Congress denounced
> by President Truman as a body dominated by men with a dangerous
> lust for power and privilege,'" 27 Encyclopedia Americana 175 (2005),
> without quorums of the respective Houses sitting. Finally, the bill
> was mistakenly signed by the President of the United States after
> it was misrepresented to him by solitary Officers as a bill passed
> by both Houses, which was impossible since no Congress was in
> session.

(Doc. 13, p. 16). Accordingly, the petitioner argues that Public Law 80-772 is unconstitutional and void *ab initio*. Therefore, the petitioner maintains the United States District Court acted without jurisdiction, and his judgment and commitment order is void *ab initio*, and his imprisonment

2

thereunder is fundamentally unconstitutional and unlawful.

In his response, the respondent argues that the petitioner's claims do not merit relief under § 2241. More specifically, the respondent argues that the petitioner has filed a § 2255 motion masquerading as a § 2241 petition.

In reply, the petitioner reiterates his contention that the "[key] question, to which the stated [u]ltimate question depends, 'is whether Title 18, United States Code is unconstitutional and void ab initio.'" Therefore, the petitioner argues that contrary to the Government's contentions, his § 2241 motions falls squarely within the traditional scope of habeas corpus, is properly before this Court, and should not be summarily dismissed.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957). Additionally, a district court should construe *pro se* petitions liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (emphasizing the liberal construction rule for *pro se* complaints raising civil rights issues).

## II. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an

applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Although the petitioner couches his grounds for relief in terms that the execution of his sentence is in violation of the Constitution or laws or treaties of the United States, in truth, the petitioner is continuing to pursue a collateral attack on the validity of his conviction. Therefore, the petitioner is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an adequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[1]

Jones, supra at 333-34.

---

[1] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. §2255; see Jones. 226 F.3d at 330.

4

As the record from the United States District Court for the Middle District of North Carolina reflects, the petitioner was convicted of one count of possession of a firearm in commerce after a felony conviction in violation of 18 U.S.C § 922(g)(1) and 924(e)(1); one count of simple possession of cocaine base in violation of 21 U.S.C. § 844(a); and one count of carrying firearms during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I). All of these acts continue to be criminal violations. Therefore, the petitioner does not meet the first two prongs of the three-prong test announced in Jones and, therefore cannot satisfy the third, and accordingly has not established a right to proceed in this Court under the provisions found at 28 U.S.C. §2241.

Finally, the undersigned notes that the petitioner's allegations concerning the adoption of Public Law 80-772 are simply untrue. United States v. Risquet, 426 F.Supp.2d 310 (E.D. Pa. April 5 , 2006). The argument that Public Law 80-772 was adopted by Congress in an unconstitutional manner, and that the Speaker of the House and the President of the Senate were trying to trick the American people is totally without truth. United States v. Williams, 2007 WL 38080 (D. Kansas 2007); Lister v. United States, 2006 WL 3751324 (N.D.Tx. 2006); Cullum v. Fox, 2006 WL 3691170 (E.D. Tex. 2006); Martinez v. Gonzales, 2006 WL 2982856 (M.D.Fla. 2006); United States v. Lawrence, 2006 WL 250702 (N.D. Ill. 2006); Delreth v. United States, 2006 WL 1804618 (S.D.Tx. 2006).[2] Furthermore, these allegations are constitutional in nature, and since they also attack the imposition of a conviction, they can only be brought in pursuant to 28 U.S.C. § 2255 and

---

[2] The United States Court for the Eastern District of Kentucky has traced the origins of this untrue story to a letter written by a Congressional clerk named Zeff Trandhal on June 28, 2000 to a member of the public. The Eastern District of Kentucky has not discussed the contents of the letter except to say that it concentrated on an allegedly unusual pattern of Congressional adjournments in June 1948. This letter led to the rumor that Public Law Number 80-772 was not enacted in a constitutional manner and has spread to prisoners throughout the country. Mullican v. Stine, 2007 WL 1193534 (E.D.Ky. 2007).

not pursuant to 28 U.S.C. § 2241.

## IV. RECOMMENDATION.

Based on the foregoing, the undersigned recommends that the respondents Motion to Dismiss (Doc. 16) be **GRANTED**; the petitioner's §2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk is directed to send a copy to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: November 20, 2008

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE