IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM EUGENE WEBB,**

    **Petitioner,**

v.                                           Civil Action No. 5:08cv73
                                                        (Judge Stamp)

**JOE D. DRIVER, Warden,**
    **Respondent.**

## REPORT AND RECOMMENDATION

On March 17, 2008, the *pro se* petitioner, William Webb, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 in which he seeks an immediate discharge from his "unlawful" sentence which was imposed by the United States District Court for the Middle District of North Carolina. On July 16, 2008, he filed an amended petition seeking the same relief. By Order entered August 29, 2008, the Court directed the respondent to show cause why the writ should not be granted. On September 29, 2008, the respondent filed a Motion to Dismiss and Response to Order to Show Cause. On September 30, 2008, a Roseboro Notice was issued, and on November 3, 2008, the petitioner filed his Response/Reply. On November 20, 2008, the undersigned issued a Report and Recommendation that the respondent's motion to dismiss be granted, and the petition be dismissed with prejudice. That Report and Recommendation is pending on the petitioner's objections thereto.

Still pending for Report and Recommendation, is the petitioner's Emergency Motion for Injunction to Enjoin Respondents from Transferring Petitioner Until His Habeas Corpus Issues are Adjudicated. At the time the petitioner filed this motion, he was incarcerated at USP Hazelton which is located in Bruceton Mills, West Virginia. In his motion, the petitioner alleges that on April 30, 2008, he was advised that his custody classification had been reduced to medium custody level, and

that he would be transferred to a Federal Correctional Institution in the immediate future. The petitioner alleges that this recalculation was done in an unscheduled and untimely manner and outside his presence. Finally, the petitioner alleges that he personally informed the warden at USP Hazelton that he did not wish to be transferred from USP Hazelton until the full and final resolution and adjudication of his § 2241 petition.

## I. ANALYSIS

The standard for preliminary injunctions in the Fourth Circuit is established by <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). Four factors must be considered:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

<u>Direx Israel, Ltd v. Breakthrough Medical Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." <u>Id.</u> (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. <u>Id.</u> The required harm "must be neither remote nor speculative, but actual and imminent." <u>Id.</u> (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. <u>Id.</u> (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary

2

injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

Here, the petitioner makes no argument that he will suffer any harm if he is transferred to another facility before his § 2241 petition is decided.[1] Rather, he argues that such a transfer would violate Rule 23 of the Federal Rules of Civil Procedure. However, as the undersigned noted in his Order entered on July 16, 2008, denying the petitioner's Motion for the Court's Instruction Regarding Rule 23 Estoppel of Transfer from Custody, this Court is not an appellate Court, and it does not have the authority to prevent the petitioner's transfer under Rule 23 of the Federal Rules of Appellate Procedure. Furthermore, 18 U.S.C. §3621(b) provides that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate..." Moreover, the transfer of a convicted and sentenced inmate is within the sound discretion of the Bureau of Prisons. Meachum v. Fano, 427 U.S. 215 (1976). Finally, the undersigned notes that sometime prior to

---

[1] A petition under 28 U.S.C. § 2241 must be filed in the district of incarceration. United States v. Miller, 871 F.2d 488 (4th Cir. 1989). Jurisdiction over a § 2241 petition is determined at the time of filing of the petition. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Therefore, because the petitioner was incarcerated within the judicial district of the United States District Court for the Northern District of West Virginia when the petition was filed, this Court would continue to have jurisdiction over this matter even if the petitioner were transferred out of this district.

3

August 4, 2008, the petitioner was transferred to FCI Gilmer which is located in Glenville, West Virginia. Accordingly, his motion for injunctive relief is, in effect, moot.

## IV. RECOMMENDATION.

Based on the foregoing, the undersigned recommends that the petitioner's Motion for Injunction (Doc. 10) be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk is directed to send a copy to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: January 15, 2009

      /s/ James E. Seibert
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE