IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM EUGENE WEBB,

    Petitioner,

v.                                        Civil Action No. 5:08CV73
                                                             (STAMP)
JOE D. DRIVER,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORTS AND
RECOMMENDATIONS OF MAGISTRATE JUDGE**

I.  Background

On March 17, 2008, William Eugene Webb, who at the time of filing was an inmate at the United States Penitentiary-Hazelton, in Bruceton Mills, West Virginia, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. On July 16, 2008, the petitioner, with leave of Court, filed an amended petition. By order entered on August 29, 2008, the magistrate judge directed the warden, as respondent, to show cause why the writ should not be granted. The warden filed a response, together with a motion to dismiss, to which the petitioner filed a reply.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

While his habeas corpus petition was pending, the petitioner filed an emergency motion for an injunction to enjoin the respondent from transferring the petitioner to another correctional facility. No pleadings were filed in response to this motion.

Thereafter, the magistrate judge entered two reports, one recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice and the other recommending that the motion for an emergency injunction be denied. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendations. The petitioner filed objections to the report and recommendation which recommended that his § 2241 petition be denied and dismissed. No objections were filed to the report and recommendation which recommended that the petitioner's emergency motion for an injunction be denied.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right

2

to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

Because the petitioner filed objections to the report and recommendation regarding the petition for habeas corpus relief under § 2241, that report and recommendation will be reviewed de novo. However, because the petitioner did not file objections to the report and recommendation concerning the petitioner's emergency motion for an injunction, that report and recommendation will be reviewed for clear error.

### III. Discussion

A. Habeas Corpus Petition

The petitioner asserts that his sentence is unlawful because the law which confers jurisdiction on the district courts to adjudicate federal criminal actions, Public Law 80-772, 18 U.S.C. § 3213, was enacted unconstitutionally. The petitioner's claim may be summarized as follows: When Public Law 80-772 was enacted, a different bill was passed by the Senate than that passed by the House of Representatives, the bill which was signed into law was never ratified, and Congress was adjourned when the bill was passed. Therefore, the court which sentenced the petitioner lacked authority to do so. Consequently, the petitioner concludes, the judgment and commitment order sentencing him to a term of imprisonment is void.

The magistrate judge found that a § 2241 petition is not the appropriate mechanism for the grounds asserted by the petitioner for relief because the petitioner has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. The magistrate judge further found that even if this matter were properly before this Court under § 2241, the petitioner would not be entitled to relief because the petitioner's claim that Public Law 80-772 was enacted unconstitutionally is untenable.

The petitioner objects that the magistrate judge failed to consider the 117 pages of documentation from the 80th Congress which the petitioner claims provide "overwhelming direct evidence" supporting his claim for relief pursuant to § 2241. (Petr.'s Objections to November 20, 2008 Report and Recommendation 6.) In essence, the petitioner appears to argue that the magistrate judge erred by failing to recognize that the claims the petitioner asserts in his amended complaint and the documentation in support thereof were properly brought under § 2241. The petitioner's objections lack merit.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain

4

relief under that provision. <u>In re Vial</u>, 115 F.3d at 1194 n.5 (citing <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by <u>Jones</u>. On April 13, 2001, the petitioner was sentenced in the United States District Court for the Middle District of North Carolina to 365 months of imprisonment and five years of supervised release after a jury convicted him on one count of possession of a firearm in commerce after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); one count of possession of cocaine base, in violation of 21 U.S.C. § 844(a); and one count of carrying firearms during a drug trafficking violation crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The petitioner appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the conviction on November 5, 2001. Subsequently, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States District

5

Court for the Middle District of North Carolina denied that motion with prejudice as untimely.  Thereafter, the petitioner filed this § 2241 petition.  Between the time the petitioner directly appealed his conviction and the time he filed his first § 2255 motion, the substantive law governing conduct relating to firearms or the law governing possession of cocaine base did not change in such a way as to decriminalize the conduct for which the petitioner was convicted.  Furthermore, the petitioner challenges the constitutionality of his conviction.  Because his allegations attack the imposition of a conviction, they may be pursued only under § 2255.  The petitioner does not establish that § 2255 provides an inadequate or ineffective remedy.  The magistrate judge correctly concluded that the petitioner's § 2241 petition was improperly filed.

This Court also agrees with magistrate judge's finding that even if the petitioner's claims were properly before this Court in his § 2241 petition, the allegations therein lack merit.  Although the Fourth Circuit does not appear to have addressed the specific issue of the circumstances surrounding the passage of Public Law 80-772, several other federal courts have done so and have determined that Public Law 80-772 was properly enacted. See, e.g., United States v. Abdullah, 289 Fed. Appx. 541, 543 (3d Cir. 2008); United States v. Campbell, 221 Fed. Appx. 459, 461 (7th Cir. 2007); United States v. Risquet, 426 F. Supp. 2d 310 (E.D. Pa. 2006);

6

United States v. Williams, Crim. No. 03-20147-01-KHV, 2007 WL 38080 (D. Kan. Jan. 4, 2007); Lister v. United States, Nos. 3:06-cv-1355-N, 3:03-cr-374-N, 2006 WL 3751324 (N.D. Tex. Dec. 20, 2006); Cullum v. Fox, No. 1:06cv309, 2006 WL 3691170 (E.D. Tex. Dec. 11, 2006); Martinez v. Gonzales, No. 8:02-cr-19-T-27EAJ, 2006 WL 2982856 (M.D. Fla. Oct. 18, 2006); United States v. Lawrence, No. 02 CR 200 (N.D. Ill. Jan. 27, 2006); Derleth v. United States, Crim. No. L-03-1745-6, Civ. No. L-05-205, 2006 WL 1804618 (S.D. Tex. June 27, 2006). Given the clear weight of authority, this Court concludes that P.L. 80-772 was constitutionally enacted. Therefore, the petitioner's allegations are without merit.

As stated above, the petitioner has not satisfied the Jones test and has, therefore, failed to demonstrate a right to proceed under § 2241. Additionally, even if he had demonstrated such a right, his claims lack merit. Accordingly, the petitioner's § 2241 petition must be denied.

B. Emergency Motion for Injunction

By separate report and recommendation entered on January 15, 2009, the magistrate judge recommended that this Court deny the petitioner's emergency motion for an injunction barring the respondent from transferring the petitioner until adjudication of the petitioner's habeas corpus issues. The petitioner has filed no objections to the January 15, 2009 report and recommendation.

7

Therefore, this Court reviews the magistrate judge's findings and recommendation for clear error.

The magistrate judge found that the petitioner had failed to demonstrate that he meets the requirements for obtaining an injunction. This Court agrees.

In <u>Blackwelder Furniture Co. v. Seilig Manufacturing Co., Inc.</u>, 550 F.2d 189 (4th Cir. 1977), <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353 (4th Cir. 1991) and <u>Direx Israel, Ltd. v. Breakthrough Medical Corp.</u>, 952 F.2d 802 (4th Cir. 1991), the Fourth Circuit set forth the equitable factors that a district court must consider when determining whether a temporary restraining order or preliminary injunction should issue. <u>See also</u> <u>C/R TV Cable, Inc. v. Shannondale, Inc.</u>, 792 F. Supp. 1018, 1021-22 (N.D. W. Va. 1992). The four factors which must be considered in granting a preliminary injunction in the Fourth Circuit are:

> (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest.

<u>Direx Israel</u>, 952 F.2d at 812 (citing <u>Rum Creek</u>, 926 F.2d at 859). Additionally, the "plaintiff bears the burden of establishing that each of these factors supports granting the injunction." <u>Id.</u> (quoting <u>Technical Publishing Co. v. Lebhar-Friedman, Inc.</u>, 729 F.2d 1136, 1139 (7th Cir. 1984)).

Here, the magistrate judge found that the petitioner has failed to demonstrate, or even allege, that the petitioner will suffer any harm if he is transferred to another correctional facility. Moreover, the decision of where to incarcerate an inmate is designated to the discretion of the Federal Bureau of Prisons ("BOP"). 18 U.S.C. § 3621(b). The BOP also has discretionary authority over decisions about when and where to transfer a convicted and sentenced inmate. Meachum v. Fano, 427 U.S. 215 (1976). Therefore, the plaintiff has not shown a likelihood of irreparable harm or a likelihood that he would succeed on the merits.

Finally, as the magistrate judge correctly noted, at some point before August 4, 2008, the petitioner was transferred to Federal Correctional Facility Gilmer in Glenville, West Virginia, thereby effectively mooting the petitioner's motion for injunctive relief.

Having reviewed the magistrate judge's report and recommendation for clear error, and finding none, this Court will affirm and adopt the January 15, 2009 report and recommendation in its entirety.

IV. Conclusion

Based upon a de novo review of the record, this Court agrees with the conclusions set forth in the magistrate judge's November 20, 2008 report and recommendation and hereby AFFIRMS and ADOPTS

that report and recommendation of the magistrate judge in its entirety. Accordingly, petitioner's petition pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE.

This Court also finds that the magistrate judge's January 15, 2009 report and recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS that report and recommendation of the magistrate judge in its entirety. Accordingly the petitioner's emergency motion for an injunction enjoining the respondent from transferring the petitioner until the petitioner's habeas issues are adjudicated is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made relating to the November 20, 2008 report and recommendation, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of

arises from process issued by a State court); <u>see</u> <u>also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation in the January 15, 2009 report and recommendation bars the petitioner from appealing the judgment of this Court as to the petitioner's emergency motion for an injunction enjoining the respondent from transferring the petitioner until the petitioner's habeas issues are adjudicated.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 2, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE